[Civ. No. 21589. First Dist., Div. Two. July 30, 1964.]

ADA GRINSTEAD, Plaintiff and Appellant, v. HOPE B. KRUSHKHOV et al., Defendants and Respondents.

Garry, Dreyfus & McTernan, Charles R. Garry and Fay Stender for Plaintiff and Appellant.

Nagle, Vale & McDowall and William Nagle, Jr., for Defendants and Respondents.

AGEE, J.—Plaintiff appeals from the judgment entered upon an adverse jury verdict in a personal injury action arising out of a two-car intersection collision. The facts are stated in the light most favorable to the defendants. For convenience the driver of defendants' car will be referred to as the defendant.

Grant Street and 16th Avenue intersect each other at right angles. Grant runs north and south; 16th runs east and west. Signs at the northeast and southwest corners require vehicular traffic on 16th to stop before entering Grant, which is a through street.

Defendant was proceeding south on Grant in her Morris Minor automobile shortly before noon on a Saturday. She was bringing her young daughter home from a music lesson.

Plaintiff was riding in a Buick being driven by her husband in a westerly direction on 16th. It went by the stop sign on the northeast corner at a speed estimated by defendant to be approximately 40 miles per hour. Defendant had not seen the Buick before she entered the intersection because of cars parked on the north side of 16th to the east of Grant and the Buick was then over 40 to 50 feet from the intersection.

Defendant testified that "as soon as I realized this car was coming and it was coming fast, I stepped on my brakes and swerved to the right to possibly get out of his way." De-

fendant was then going 15 miles per hour. Her car travelled approximately 10 feet from that point to the point of impact. The front of her Morris Minor came in contact with the right rear fender and rear bumper of the Buick.

Defendant stated that she panicked but did the best she could in the split second that she had to act. She reaffirmed her deposition testimony that ''All I felt was that I noticed a split second of panicky feeling he is coming too fast and I wouldn't have a chance to get away.''

It can reasonably be contended that if defendant, upon being confronted with the situation described, had swerved to her left instead of swerving to her right, the collision might have been avoided. There was nothing in or near the intersection which would have prevented such action on her part. She thus had a choice of which course to take.

This brings us to the sole issue on appeal: Was it prejudicial error to give an instruction on the doctrine of imminent peril? This instruction is as follows:

''A person who, without negligence on his part, is suddenly and unexpectedly confronted with peril arising from either the actual presence or the appearance of imminent danger to himself or to others, is not expected nor required to use the same judgment and prudence that is required of him in the exercise of ordinary care in calmer and more deliberate moments. His duty is to exercise only the care that an ordinarily prudent person would exercise in the same situation. If, at that moment, he does what appears to him to be the best thing to do, and if his choice and manner of action are the same as might have been followed by any ordinarily prudent person under the same conditions, he does all the law required of him, although in the light of after-events, it should appear that a different course would have been better or safer.'' (BAJI No. 137.)

It is basic that a party has a right to an instruction if it is reasonable and finds support in the evidence or any inference which may be properly drawn from the evidence. (2 Witkin, Cal. Procedure, Trial, § 52, p. 1780.)

If the evidence is susceptible of a construction which frees a party from negligence up to the time the sudden danger confronted him, it is error not to give an instruction on imminent peril if requested in proper form. (*Emery* v. *Los Angeles Ry. Corp.*, 61 Cal.App.2d 455, 462-463 [143 P.2d 112].) Here there is no issue as to the form of the instruction.

 The requirement that defendant be free from negligence on her part up to the time of being confronted with imminent peril is satisfied by substantial evidence and need not be discussed in more detail than we have above.

 The heart of plaintiff's contention is that, when so confronted, defendant had no choice of action, i.e., from that point on there was nothing that defendant could have done to avoid a collision.

This contention presents a question to be determined by the trier of fact unless it can be said from the evidence that, *as a matter of law,* defendant had no such choice. (*Leo* v. *Dunham,* 41 Cal.2d 712, 715 [264 P.2d 1].)

Plaintiff strongly relies upon *Staggs* v. *Atchison, Topeka & S. F. Ry. Co.,* 135 Cal.App.2d 492 [287 P.2d 817]. There one of defendant's trains had struck a 21-month-old boy who was playing on the tracks. An instruction on imminent peril was held to be inapplicable to the facts involved therein. These facts were without dispute or conflict.

The opinion states: "The only evidence that any of defendant's employees saw the danger to plaintiff Donald at any time before he was hit by the train was the testimony of the fireman, whose duty at the time of the accident was to look out the left front window of the engine. He testified that he first saw what appeared to be a child on the ties just outside the left track when 'the front end of the engine, the pilot or the footboard' was '20 or maybe 30 feet' from it. The fireman further testified that 'I immediately jumped down into the deck and hollered for my engineer to go into the big hole.' The train was immediately put into full emergency and stopped as quickly as possible.

"At the speed of the train, from 16 to 20 miles an hour, the engine was moving from 25 to 30 feet per second. Considering the testimony in the record regarding the necessary reaction time of one to three seconds, and the facts that the child's danger was observed only by the fireman who had no control of either whistle or brakes, it is futile to expect that, even if the whistle could have been sounded before the impact, there would have remained time enough for any human being to save himself.

"As authority for the giving of the instruction on imminent peril in the instant action, respondent cites *Leo* v. *Dunham,* 41 Cal.2d 712 [264 P.2d 1]. In that case the truck driver who collided with a pedestrian upon realizing the danger 'applied his brakes, "hollered," and swerved to his

right.' Certainly he had a choice. He could have gone straight ahead, or perhaps swerved to his left.

" 'Cases in which such an instruction is applicable involve situations where *at least two courses of action are present after the danger is perceived and where no negligence is chargeable to the person to whom those courses of action are open.'* . . .

"The record on the appeal in the case at bar shows without conflict that defendant's agents, after Donald's peril was observed, could not have avoided the accident or in any manner have lessened his injuries. The instruction on imminent peril is inapplicable for that reason." (Pp. 502-503.)

■ The facts presented by the record herein are readily distinguishable from those involved in *Staggs.* Here the evidence shows that defendant did in fact have a choice between swerving to her left or to her right. Taking into consideration (1) the distance of the front end of her car from the Buick at the time she realized her peril, (2) the speed at which she was then going, (3) the maneuverability of her small car, and (4) the speed at which the Buick was moving across her path, it can reasonably be concluded that, "in the light of after-events," defendant could have avoided the collision if she had chosen to swerve to her left instead of to her right.

*Christensen* v. *Bergmann,* 148 Cal.App.2d 176 [306 P.2d 561], presents a similar factual situation. That case involved an auto-pedestrian collision in an unmarked crosswalk. After passing in front of a stopped truck, plaintiff continued into the next lane and was struck by defendant's car. The giving of an imminent peril instruction was approved, the court stating at page 185: "We are of the opinion that he [defendant] had open to him a choice of several courses of action when the truck stopped about 10 feet ahead of him and he saw the heads of the girls appear, and that this situation was an emergency not of his making. He could have sounded his horn, or swerved sharply to the left, or to the right, or relied upon his brakes alone, or done a combination of these things to avoid the collision or lessen the probability of striking the plaintiff. Whether he was negligent in not selecting the best or safest of these courses in the face of the emergency *was for the jury to decide.*" (Italics added.)

Judgment affirmed.

Shoemaker, P. J., and Taylor, J., concurred.